UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09 CR 423 RWS |
| ) | DDN |
| GREGORY P. SHEPARD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the court upon the motions of non-parties St. Louis County Police Department (Doc. 35), St. Louis Metropolitan Police Department (Doc. 37), and Regional Justice Information Service (Doc. 46) to quash defendant's Rule 17(c) subpoenas. The government does not raise any objections to the subpoenas.

**Rule 17(c) Standard**

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). The scope of Rule 17(c) is more narrow than the corresponding rules of civil procedure, which permit broad discovery. United States v. Reyes, 239 F.R.D. 591, 597 (N.D. Cal. 2006). Rule 17(c) was not intended to serve as a discovery device for criminal cases. United States v. Nixon, 418 U.S. 683, 698 (1974); United States v. Bueno, 443 F.3d 1017, 1026 (8th Cir. 2006). Instead, Rule 17(c) seeks to expedite a trial by providing a time and place before trial for the inspection of subpoenaed materials. Nixon, 418 U.S. at 698-99. In complex criminal cases, the Supreme Court has noted the utility of using Rule 17(c). See id. at 699 n.11. To gain access to the desired documents, the moving party must show that the subpoenaed documents are: (1) relevant; (2) admissible; and (3) identified or described with adequate

specificity. Id. at 700; United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000).

Of these three requirements, "[s]pecificity is the hurdle on which many subpoena requests stumble." United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997). A request will usually be sufficiently specific where it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate. United States v. RW Prof'l Leasing Servs. Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005). As the period of time increases, so must the subpoena's particularity. Application of Linen Supply Cos., 15 F.R.D. 115, 118 (S.D.N.Y. 1953). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents. Hardy, 224 F.3d at 755. The specificity requirement ensures that a Rule 17(c) subpoena will not be used just to see "what may turn up." United States v. Libby, 432 F. Supp. 2d 26, 32 (D.D.C. 2006). The specificity requirement also ensures that a subpoena will only be used to secure, for trial, a sharply defined group of documents. Ruedlinger, 172 F.R.D. at 456.

Even when the moving party has shown that a subpoena seeks relevant, admissible, and specific evidence, a court must still consider other factors, including whether: (1) the materials could be procured through other means, before trial, by the exercise of due diligence; (2) the party cannot adequately prepare for trial without advance production of the documents, and the failure to obtain the documents may tend to unreasonably delay the trial; and (3) the request for the materials is made in good faith and not as a general "fishing expedition." See Nixon, 418 U.S. at 699-700. A court may quash or modify a subpoena for the production of documents, if producing the documents would be unreasonable or oppressive, or if the subpoena calls for privileged matter. Fed. R. Crim. P. 17(c)(2); Reyes, 239 F.R.D. at 598.

**Subpoena to St. Louis County Police Department**

Shepard seeks two sets of documents from the St. Louis County Police Department. (Doc. 35, Ex. A.) He seeks

> 1. A copy of all special orders relating to Missouri Department of Revenue Form 551 - Vehicle Examination Certificate (and any Department Policy Manual, if different, relating to Missouri Department of Revenue Form 551).
>
> 2. All Form 551s retained by the police department from 2002 through 2008.

(Id.)

The St. Louis County Police Department argues that the request is unreasonable and oppressive, and seeks documents that are not relevant to the criminal charges. (Docs. 36, 64.) In an effort to resolve this dispute, Shepard is willing to limit his request to production of the Procedure Manual and a random sample of three to five of the Department's retained Form 551s for each of the seven years at issue. (Doc. 39 at 4.)

Subpoenas must do more than request a broad array and a large number of documents. United States v. Jackson, 155 F.R.D. 664, 668 (D. Kan. 1994). Instead, the defendant must seek access to a discrete document or a discrete set of existing written materials. Reyes, 239 F.R.D. at 599. Subpoenas should not be worded in non-exclusive and open-ended terms. United States v. Jenks, 517 F. Supp. 305, 307 (S.D. Ohio 1981). In this case, Shepard does not seek a broad array of documents. Instead, he seeks a Procedure Manual and a random sample of no more than thirty-five copies of the Police Department's Form 551. This request satisfies Nixon's specificity requirement.

However, this request does not satisfy Nixon's relevancy requirement. The indictment alleges that Shepard bribed an employee of the St. Louis Metropolitan Police Department to conduct false vehicle inspections, and that the employee signed the Form 551s in support of the false inspections. (Doc. 2 at ¶¶ 19, 21.) The indictment further alleges that Shepard mailed these false forms to the Missouri Department of Revenue. (Id. at ¶ 22.) The indictment does not, however, make any mention or reference to any employee of the St. Louis County Police Department - a separate police department. The indictment only

references conduct by an employee of the St. Louis Metropolitan Police Department. The Procedure Manual and sample Form 551s from a separate police department are therefore not relevant to the criminal charges in the indictment. The motion to quash is granted.

**Subpoena to St. Louis Metropolitan Police Department**

Shepard seeks five sets of documents from the St. Louis Metropolitan Police Department. (Doc. 37, Ex. 1.) He seeks

> 1. A copy of all special orders relating to Missouri Department of Revenue Form 551 – Vehicle Examination Certificate (and any Department Policy Manual, if different, relating to Missouri Department of Revenue Form 551).
>
> 2. A list of all training provided to [two named officers] pertaining to completing Form 551, and all materials provided to [the named officers] during such training.
>
> 3. All Form 551s retained by the police department from 2002 through 2008, including, but not limited to, all Form 551s completed by [one named officer] during that time period.
>
> 4. All Form 551s completed by Officer Shade.
>
> 5. A copy of all special orders regulating the duties and responsibilities of police officers in the Auto Theft Division (and any Department Policy Manual, if different, relating to the duties and responsibilities of police officers in the Auto Theft Division).

(Id.)

The St. Louis Metropolitan Police Department argues that there are hundreds of Form 551 certificates for the relevant period, and that the defendant is using the subpoena as a discovery device. (Doc. 37.) In response, Shepard argues that the subpoena is narrowly tailored and seeks documents that are relevant to the case. (Doc. 52.)

As a general rule, requests for "any and all documents" are emblematic of a discovery request or of a fishing expedition. Libby, 432 F. Supp. 2d at 32; United States v. Louis, No. 04 CR 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005); Jackson, 155 F.R.D. at 668. As a result, the defendant must seek access to a discrete document or a discrete set of existing written materials. Reyes, 239 F.R.D. at 599.

The requests for "all special orders" relating to Form 551 and "all special orders" regulating the duties and responsibilities of police officers do not seek a discrete set of documents. Instead, each request is expressed in open-ended terms. The same is true of the request for all Form 551s retained by the department from 2002 through 2008. However, a court may modify a subpoena for the production of documents. Fed. R. Crim. P. 17(c)(2).

As noted above, Shepard's request for a Procedure Manual and a random sample of no more than thirty-five copies of the Police Department's Form 551s satisfies Nixon's specificity requirement. Accordingly, the St. Louis Metropolitan Police Department shall provide Shepard with the Procedure Manual for Revenue Form 551, the Procedure Manual for the duties and responsibilities of police officers in the Auto Theft Division, and a random sample of three to five of the Department's retained Form 551s for each of the seven years at issue. These documents are relevant to the charges found in the indictment, and would be admissible at trial as business records or public records. (Doc. 2 at ¶¶ 19, 21-22); Fed. R. Evid. 803(6),(8).

The request in ¶ 3 of the subpoena, quoted above, for all Form 551s completed by the named officer refers to a discrete set of written materials. The materials are relevant, as indicated by the probable cause affidavits submitted in support of search warrants issued in this case. (Report and Recommendation at Finding of Fact 3(e) filed this day under seal.) Finally, these documents would be admissible as business records or public records. The St. Louis Metropolitan Police Department shall provide Shepard with all the Form 551s that the named officer completed.

The request in ¶ 2 of the subpoena, quoted above, for a list of training provided to the two named officers in completing Form 551, and any materials provided during that training, also refers to a discrete set of written materials. The materials are relevant, as indicated by the probable cause affidavits submitted in support of search warrants issued in this case. These materials would be admissible as business records or public records. See Fed. R. Evid. 803(6),(8). Accordingly, the St. Louis Metropolitan Police Department shall provide Shepard with

a list of training provided to the two named officers relating to completing Form 551, and any material provided during that training. See United States v. Thomas, No. 08-30059-DRH, 2008 WL 4671501, at *2 (S.D. Ill. Oct. 22, 2008) (denying the government's motion to quash a subpoena that requested an officer's training records).

**Subpoena to Regional Justice Information Service**

Shepard seeks the records of thirty-six vehicles. (Doc. 46, Ex. A.)

The Regional Justice Information Service argues that complying with the subpoena would be unreasonable and oppressive. It estimates that researching its database for responsive materials would take, at a minimum, four hours per vehicle, and would cost about $9,000. (Doc. 46.) In response, Shepard argues that these records are relevant to his defense and to whether probable cause supported the search warrants.[1] Shepard also notes that he is willing to shoulder some or all of the expense for locating the records. (Doc. 53.)

The records requested represent a discrete set of written materials. Each of the thirty-six vehicles is identified by its year, make, model, and vehicle identification number. The information relating to these vehicles is also relevant; thirty-five of the vehicles are specifically mentioned in the indictment.[2] (Doc. 2 at ¶¶ 16-19.) These records would be admissible as either business records or public records. See Fed. R. Evid. 803(6),(8). The Regional Justice Information Service shall provide Shepard with the records of the thirty-six vehicles identified. Shepard shall pay for the cost of searching for these records.

---

[1]The undersigned has determined in a Report and Recommendation, filed today, that the four corners of the subject search warrant affidavits provided the issuing Magistrate Judge with a substantial basis for finding probable cause. Therefore, while this information may be relevant to the issues to be tried, this information is unnecessary for use in the determination of defendant Shepard's motion to suppress evidence.

[2]The indictment does not mention the 1997 GMC Safari SLX, the last vehicle on the list.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of non-party St. Louis County Police Department to quash defendant's Rule 17(c) subpoena (Doc. 35) is granted.

**IT IS FURTHER ORDERED** that the motion of non-party St. Louis Metropolitan Police Department to quash defendant's Rule 17(c) subpoena (Doc. 37) is granted in part and denied in part. The Metropolitan Police Department shall provide Shepard with the Procedure Manual for Revenue Form 551, the Procedure Manual for the duties and responsibilities of police officers in the Auto Theft Division, and a random sample of four of the Department's retained Form 551s for each of the seven years at issue. The Metropolitan Police Department shall also provide Shepard with all the Form 551s that the one named officer completed, a list of training provided to the two named officers relating to completing Form 551, and any material provided during that training.

**IT IS FURTHER ORDERED** that the motion of non-party Regional Justice Information Service to quash defendant's Rule 17(c) subpoena (Doc. 46) is denied. Regional Justice Information Service shall provide Shepard with the records of the thirty-six vehicles identified. Shepard shall pay for the cost of searching for these records.

                                         /S/   David D. Noce
                                 **UNITED STATES MAGISTRATE JUDGE**

Signed on February 26, 2010.