UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 4:08MJ1195 TIA |
| | ) | 4:08MJ1196 TIA |
| | ) | 4:08MJ1197 TIA |
| | ) | 4:08MJ1204 TIA |
| | ) | |
| SUPPRESSED, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the Motion of the St. Louis Post-Dispatch and Reporter Robert Patrick Seeking Leave to Intervene to Obtain Access to Sealed Court Records (filed May 5, 2010) and Amended and Supplemental Motion Seeking Access to Sealed Court Records (filed September 23, 2010). Both the United States and Defendant Gregory Shepard filed a Memorandum in Opposition to the original motion (filed May 26, 2010 and May 27, 2010) and the St. Louis Post-Dispatch and Reporter Robert Patrick ("Movants") filed a Reply (May 28, 2010) thereto. On June 11 and October 13, 2010, the undersigned held hearings and heard arguments on the pending motions. Thereafter, the United States filed its Motion to Unseal Redacted Version of Search Warrant Documents (filed October 13, 2010). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

The Movants seek access to documents including affidavits relative to four separate search warrants and other court filings under seal including motions, briefs in support thereof, memoranda, and the Report and Recommendation relating to the constitutional sufficiency of the four search warrant affidavits. The United States and Defendant Shepard oppose the request to intervene to obtain access to sealed Court records. The sealed documents in question were sealed by the Court in this case inasmuch as the documents discuss and contain references to the substance and contents of the sealed search warrant documents.

## **PROCEDURAL BACKGROUND**

On August 11, 2008, an FBI special agent submitted separate applications for three search warrants for the premises of four business enterprises as follows: (a) S& H Parking System and St. Louis Metropolitan Towing, at 1325 North 10th Street, St. Louis, Missouri (Cause No. 4:08MJ1195); (b) Park Auto Sales, 1411 East 14th Street, St. Louis, Missouri, (Cause No.4:08MJ1196): and (c) for MoJo's Towing , 12204 Old Big Bend Road, Kirkwood, Missouri (Cause No. 4:08MJ1197). Upon review and consideration, the undersigned issued the search warrants. On August 12, 2008, an FBI agent submitted a separate application for another search warrant for S & H Parking System and St. Louis Metropolitan Towing, 1325 North 10th Street (Cause No. 4:08MJ1204). Upon review and consideration, the undersigned issued the search warrant. Each Application and Affidavit for Search Warrant has an Affidavit attached thereto. The United States filed a Motion for Sealing Order requesting the Application, Affidavit and Search Warrant be filed under seal until further order of this Court with each Application. Each warrant application is a one-page document which expressly refers to an "Exhibit 1" as

more fully describing the premises to be searched. Each of these exhibits is a color aerial photograph of the premises to be searched which was attached to the agent's written affidavit.

The undersigned entered Orders granting the United States's Motions for Sealing Order at the time the search warrants were executed. On February 9, 2009, the United States filed Motions for Continued Sealing Orders. In support of the requests for continued sealing, the United States cited the need to protect the safety and identity of witnesses, to protect its ongoing investigation, and to protect the privacy rights of individuals under investigation named in the Applications and Affidavits. In support, the United States provided a detailed accounting with specific facts of how the pleadings are replete with information relating directly to the ongoing investigation, the identity and discussion of numerous witnesses, the identity and discussion of several individuals who are targets of the ongoing investigation, and the identity of cooperating victims and witnesses. The United States showed how redaction of the sealed documents would compromise the complicated and ongoing criminal investigation and place in jeopardy the continued cooperation of potential witnesses. The United States asserted that it had a compelling interest in the continued sealing of the documents at issue which outweighed the public's qualified First Amendment right of access to those documents, and no less restrictive alternative to sealing was appropriate or practical. The undersigned granted the United States's request to continue the sealing order of the Application, Affidavit and Search Warrant until August 1, 2009, finding that the United States had established that (a) the United States has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical inasmuch as unsealing may impede the United States's ongoing investigation,

inadequately protect the identity and safety of potential witnesses, and inadequately protect the privacy interests of individuals identified in the documents at issue as being under investigation.

On June 29, 2009, the United States filed Motions for Continued Sealing Orders establishing how its compelling interest in sealing the documents continued to outweigh the public's qualified First Amendment right of access to review those documents and how no less restrictive alternative to sealing would be appropriate due to its ongoing investigation, the need to protect the identity and safety of potential witnesses, and the need to protect the privacy interests of individuals identified in the documents. In support, the United States provided detailed accounting with specific facts of how the pleadings are replete with information relating directly to the investigation, the identity and discussion of numerous witnesses, the identity and discussion of several individuals who are targets of the ongoing investigation, and the identity of cooperating victims and witnesses. The United States showed how redaction of the sealed documents would compromise the complicated and ongoing criminal investigation and place in jeopardy the continued cooperation of potential witnesses. The undersigned granted the United States's requests to continue the sealing order until December 29, 2009.

On December 22, 2009, the United States filed Motions for Continued Sealing Orders establishing how its compelling interest in sealing the documents continued to outweigh the public's qualified First Amendment right of access to review those documents and how no less restrictive alternative to sealing would be appropriate due to its ongoing investigation, the need to protect the identity and safety of potential witnesses, and the need to protect the privacy interests of individuals identified in the documents. In support, the United States again provided detailed accounting with specific facts of how the affidavits are replete with information relating directly to

the investigation, the identity and discussion of numerous witnesses, the identity and discussion of several individuals who are targets of the ongoing investigation, and the identity of cooperating victims and witnesses. The United States showed how redaction of the sealed documents would compromise the complicated and ongoing criminal investigation and place in jeopardy the continued cooperation of potential witnesses. The undersigned granted the United States's requests to continue the sealing order until June 29, 2010.

On May 5, 2010, Movants filed the instant motion seeking access to documents including affidavits relative to four separate search warrants and other court filings under seal including motions, briefs in support thereof, memoranda, and the Report and Recommendation relating to the constitutional sufficiency of the four search warrant affidavits.

On June 11, 2010, the undersigned heard argument by counsel regarding the Motion of the St. Louis Post-Dispatch and Reporter Robert Patrick Seeking Leave to Intervene to Obtain Access to Sealed Search Warrant and Related Court Records. On October 13, 2010, the undersigned heard argument by counsel regarding the status of the sealed documents in light of the guilty pleas entered by Defendant Gregory Shepard and Defendants William and Kenneth Bialczak and the filing of the Amended Motion. Based on the instant record, the undersigned finds that the United States has established a compelling interest in the continued sealing of search warrant documents as redacted and this interest outweighs the public's qualified First Amendment right of access to review the documents unredacted. Further, the undersigned finds that there is no less restrictive alternative to the continued sealing that is appropriate or practical.

## LEGAL STANDARDS AND DISCUSSION

As recognized by the Eighth Circuit Court of Appeals, "the courts of this country recognize a general right to inspect and copy public records and documents including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)). Although there is "a common-law right of access to judicial records[,]" this right of access is not absolute, but requires the weighing of competing interests. Nixon, 435 U.S. at 597. The Eighth Circuit has held that a qualified First Amendment "right of public access does extend to the documents filed in support of search warrant applications," as a search warrant is "an integral part of a criminal prosecution." In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 573 (8th Cir. 1988). A party seeking sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling United States interest. Id. at 574.

"Proceedings may be sealed closed, and, by analogy, documents may be sealed if 'specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to that interest."'" In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984) ((Press-Enterprise I), *citing* Globe Newspaper Co. Superior Ct., 457 U.S. 596, 607 (1982). The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest. Press-Enterprise I, 464 U.S. at 510-11. If the district court decides to seal certain documents, it must explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate. Press-Enterprise I, 464 U.S. at 510-11.

In an analogous case, the media requested to unseal a Bill of Particulars which named several unindicted co-conspirators. United States v. Smith, 776 F.2d 1004 (3d Cir. 1985). The Third Circuit Court of Appeals found that the trial court properly sealed a Bill of Particulars in order to protect the identities of third party individuals and "the reputational and privacy interests" of those third parties inasmuch as disclosure would "almost certainly result in extremely serious, irreparable, and unfair prejudice to those [individuals]...." Id. 776 F.2d at 1115. In reaching this conclusion, the Court opined that they "have been mindful of the fact that the list contains the names of some individuals who are public officials and some who are public employees." Id. at 1114. Specifically, the Court stated as follows:

> If published, the sealed list will communicate to the general public that the named individuals, in the opinion of the chief federal law enforcement official of the District, are guilty, or may be guilty, of a felony involving breaches of the public trust. This broad brush assertion will be unaccompanied by any facts providing a context for evaluating the basis for the United States Attorney's opinion with respect to any given individual. When one adds to this that the United States Attorney's opinion was formed on the basis of an investigation that had not yet reached the point where he was willing to make a decision on whether to prosecute, it becomes apparent that the risk of serious injury to innocent third parties is a grave one. Finally, as the trial judge noted, the named individuals have not been indicted and, accordingly, will not have an opportunity to prove their innocence in a trial. This means that the clearly predictable injuries to the reputations of the named individuals is likely to be irreparable.

Smith at 1114.

Movants seek to unseal the search warrant affidavits and related search warrant documents filed under seal in the Shepard criminal case asserting a significant public interest inasmuch as police officers have been indicted and pled guilty and the extended period of time since the execution of the subject search warrants substantially mitigates against any compelling

7

United States interest.[1] Movants noted that they oppose any redactions to the pleadings and seek the unsealing of the search warrant documents, the Report and Recommendation of Judge David Noce in the Shepard criminal case, all previously-sealed motions and memoranda filed in support of the sealing of the pleadings and the previously-sealed orders entered on those motions, and any pleadings filed under seal subsequent to the filing of the May 5 motions. In response, the United States argues that the search warrant documents should be released but only as redacted to protect the safety and identity of cooperating individuals and witnesses identified and discussed within the affidavits and to protect the privacy rights of individuals previously under investigation and named in the affidavits but never charged. After the October 13, 2010 hearing, the United States filed redacted copies of the search warrant affidavits, and a Motion to Unseal Redacted Version of Search Warrant Documents.

The redactions eliminate only the identities of the witnesses in this matter, and the identities of individuals named as possibly being involved in the unlawful scheme. As to the individuals named as being involved in the unlawful scheme, these individuals likely will never be charged with any crime. Thus, they will be named as law violators but never be allowed

---

[1] Movants argue that the length of the ongoing criminal investigation two years after the undersigned executed the search warrants, the resulting indictments, and the guilty pleas by some individuals somehow diminishes the United States's compelling interest to continue the sealing of the search warrant documents. Movants' reliance on In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569 (8th Cir. 1988) is misplaced. The Court in In re Search Warrant gave no weight or consideration to the length of time of the ongoing investigation when determining whether the United States had demonstrated that restricting public access to the search warrant documents to be necessitated by a compelling United States interest. Cf. United States v. Loud Hawk, 474 U.S. 302, 311-12 (1986) (the Supreme Court found that the Speedy Trial Clause does not protect a defendant from all effects flowing from a delay before trial. "The Clause does not, for example, limit the length of a preindictment criminal investigation....").

a proper forum to deny their culpability. They stand in the same position as the unindicted co-conspirators in Smith, id. Although the names of the alleged law violators are deleted, the nature of their employment, and the details of the allegations of their criminal conduct are not redacted. Therefore, the Court finds that the proposed redactions are narrowly tailored to protect the privacy and reputational interests of those alleged to be involved in the unlawful scheme.

In addition, although the identities of the witnesses who provided information to the FBI are deleted from the affidavit, the detailed information which they provided to the agents about the criminal scheme is not redacted in any significant way. The undersigned concludes that redaction of their identities is necessary to protect their safety and confidentiality. The Assistant United States Attorney states that the witnesses provided information on a confidential basis to the FBI about a significant criminal matter. Further, the Assistant United States Attorney concludes that release of the witnesses' names could impact their safety and could have a detrimental effect on their current or future employment. It is more than mere conjecture that the safety and well being of the witnesses may be compromised, because at least one witness has been the victim of an assault, which the Assistant United States Attorney believes is related to the witnesses' cooperation in this case. Therefore, the redaction of the names of the witnesses, but not the information that they provided, is necessary to narrowly tailor the redactions to protect the interests of the individuals named.

Based on a review of the entire record, the undersigned concludes the United States has demonstrated that continuing the sealing of the redacted portions of the search warrant documents is necessitated by a compelling United States interest - to protect the safety and identity of cooperating individuals and witnesses, and the need to protect the identity and

reputation of any co-conspirators who will not be criminally charged.  Smith, 776 F.2d at 114-15; see also United States v. Bracy, 67 F.3d 1421, 1426-27 (9th Cir. 1995) (finding that the need to protect the safety of potential witnesses justified sealing of indictment); United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989) (finding the need to consider the privacy interests of innocent third parties that may be harmed by disclosure).  The documents contain information regarding the identity and safety of numerous witnesses, the privacy interests of those individuals identified and discussed, and the identity of possible targets of the United States's investigation.  The cooperating witnesses' safety could likely be jeopardized if the sealed documents were made available for public dissemination.  Likewise, uncharged targets of the criminal investigation could be placed in jeopardy by disclosure of the information set forth in the Affidavits supporting the application for the search warrants.

Therefore, the undersigned concludes that the United States's request to continue the sealing Orders to protect the identity and safety of numerous witnesses, and the privacy interests of those individuals identified and discussed in the Affidavits should be granted.   A review of the detailed and thorough reasons for the proposed redactions of the Affidavits in support of the search warrants in this case demonstrate how release of the redacted portions could harm these interests.  The undersigned finds that the United States's proposed redactions are not substantial, however, the undersigned believes that unsealing these documents without the redactions could cause prejudice, reputational harm, safety concerns, and the privacy concerns to the cooperating witnesses, victims, and targets named in the search warrant documents.  In addition, the redactions are narrowly tailored to protect the privacy and reputational interest of the individuals named.  As stated above, the undersigned finds that the United States has shown a compelling

interest in continued sealing of the search warrant documents as redacted which outweighs the public's qualified First Amendment right of access to review the documents. There is no less restrictive alternative to the continued sealing that is appropriate or practical inasmuch as unsealing the search warrant documents without redaction may inadequately protect the identities and safety of cooperating witnesses, and inadequately protect the privacy interests of individuals identified in the search warrant documents as being under investigation but not charged.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the United States's Motion to Unseal Redacted Version of Search Warrant Documents (filed October 13, 2010) should be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the United States's Motion for Continued Sealing of Search Warrant Documents (filed June 29, 2010) and Supplemental Motion for Continued Sealing of Search Warrant Documents (filed October 7, 2010) should be **DENIED AS MOOT.**

**IT IS FURTHER RECOMMENDED** that the Motion of the St. Louis Post-Dispatch and Reporter Robert Patrick Seeking Leave to Intervene to Obtain Access to Sealed Court Records (May 5, 2010) and Amended and Supplemental Motion Seeking Access to Sealed Court Records (filed September 23, 2010) should be **GRANTED** to the extent set forth in the Report and Recommendation.

**IT IS HEREBY ORDERED** that the United States shall file no later than November 4, 2010, proposed redacted versions of the other pleadings sought to be unsealed by Movants in 4:09CR423RWS.

The parties are advised that they have fourteen days in which to file written objections to

this Report and Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result . Failure to timely file objections may result in waiver of the right to appeal the questions of fact.

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of October, 2010.