UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case Nos. | 4:09 CR 423 RWS, |
| | ) | | 4:08 MJ 1195 TIA |
| GREGORY P. SHEPARD, | ) | | 4:08 MJ 1196 TIA |
| | ) | | 4:08 MJ 1197 TIA |
| Defendant. | ) | | 4:08 MJ 1204 TIA |
| | ) | | |

## ORDER

This matter is before me on the motion of the St. Louis Post Dispatch and reporter Robert Patrick seeking leave to intervene to obtain access to sealed court records and their amended and supplemental motion seeking access to sealed court records. Pursuant to 28 U.S.C. § 636(b) these motions were referred to United States Magistrate Judge Terry I. Adelman for a Report and Recommendation

The United States Attorney and Defendant Gregory Shepard opposed the original motions filed by the St. Louis Post Dispatch. The St. Louis Post Dispatch and its reporter Robert Patrick filed a reply.

Judge Adelman held hearings on the pending motions on June 11 and October 13, 2010.

On October 22, 2010 Judge Adelman filed his Report and Recommendation. On November 19, 2010 defendant Gregory Shepard filed his Objection to the Report and Recommendations of the United States Magistrate Judge.

On November 4, 2010 The United States Attorney filed a Motion to Unseal Certain Previously Sealed Pleadings and to Unseal Redacted Versions of Certain Other Previously Sealed Pleadings. Judge Adelman has not issued his Report and Recommendation on the November 4, 2010 motion.

I have conducted a *de novo* review of the pleadings and the evidentiary hearings. After fully considering the motions, the evidentiary hearings and the Report and Recommendations, I will adopt the thorough reasoning of Judge Adelman.

Judge Adelman has conducted a thorough analysis and written a thoughtful opinion in this case which strikes the correct constitutional balance between the public and private interests at issue here.

As Judge Adelman correctly observed "The Courts of this country recognize a general right to inspect and copy public records and documents including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)). However, this right of public access is not absolute. As with any issue I must weigh the competing

interests of public access against other public interests here -- reputational and privacy interests of third parties.  Nixon, 435 U.S. at 597.

The Eighth Circuit has held that a qualified First Amendment "right of public access does extend to the documents filed in support of search warrant applications," as a search warrant is "an integral part of a criminal prosecution."  In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 573 (8th Cir. 1988).  As a result, a party seeking sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling United States interest.  Id. at 574.

Judge Adelman correctly identified and analyzed the interests at stake here and I will quote extensively from his analysis which follows:

"Proceedings may be sealed closed, and, by analogy, documents may be sealed if 'specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to that interest."' In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984) ((Press-Enterprise I), *citing* Globe Newspaper Co. Superior Ct., 457 U.S. 596, 607 (1982).   The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling United States interest.  Press-Enterprise I,

464 U.S. at 510-11.  If I decide to seal certain documents, I must explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate.  Press-Enterprise I, 464 U.S. at 510-11.

Judge Adelman identified a similar case, in which the media requested to unseal a Bill of Particulars which named several unindicted co-conspirators.  United States v. Smith, 776 F.2d 1004 (3d Cir. 1985).  The Third Circuit Court of Appeals found that the trial court properly sealed the Bill of Particulars in order to protect the identities of third party individuals and "the reputational and privacy interests" of those third parties inasmuch as disclosure would "almost certainly result in extremely serious, irreparable, and unfair prejudice to those [individuals]...." Id. 776 F.2d at 1115.  In reaching this conclusion, the Third Circuit opined that they "have been mindful of the fact that the list contains the names of some individuals who are public officials and some who are public employees." Id. at 1114.  Specifically, the Circuit Court stated:

> If published, the sealed list will communicate to the general public that the named individuals, in the opinion of the chief federal law enforcement official of the District, are guilty, or may be guilty, of a felony involving breaches of the public trust.  This broad brush assertion will be unaccompanied by any facts providing a context for evaluating the basis for the United States Attorney's opinion with respect to any given individual.  When one adds to this that the United States Attorney's opinion was formed on the basis of an investigation that had not yet reached the point where he was willing to make a decision on whether to prosecute, it becomes apparent that the risk of serious injury to innocent third parties is a grave one.  Finally, as the

> trial judge noted, the named individuals have not been indicted and, accordingly, will not have an opportunity to prove their innocence in a trial. This means that the clearly predictable injuries to the reputations of the named individuals is likely to be irreparable.

Smith at 1114.

Here the St. Louis Post Dispatch and its reporter seek to unseal the search warrant affidavits and related search warrant documents filed under seal as well as documents filed under seal in the Shepard criminal case. The St. Louis Post Dispatch identifies a significant public interest in the sealed proceedings relating to what it calls the "tow lot scandal" which includes the related indictment of a police officer. The Post Dispatch argues that the public interest in this case combined with the length of time that has elapsed during the investigation mitigate against any compelling interest of the United States in keeping the documents sealed. The United States Attorney argues that the search warrant documents should be released only as redacted to protect the safety and identity of cooperating individuals and witnesses identified and discussed in the affidavits and to protect the privacy rights of individuals previously under investigation but who were never charged and will apparently never will be charged with any crime. In further response, the United States Attorney has filed his motion to unseal redacted versions of the search warrant documents.

In his evaluation of the competing interest here Judge Adelman observed that the proposed redactions proposed by the United States Attorney eliminate only the identities of the witnesses in this matter, and the identities of unindicted individuals named as possibly being involved in the unlawful scheme. The unindicted individuals named as being involved in the unlawful scheme apparently will never be charged with any crime. As a result, if the unredacted affidavits were released those unindicted individuals would be named as law violators but never be allowed a proper forum to deny their culpability. They stand in the same position as the unindicted co-conspirators in <u>Smith</u>, <u>id</u>. Although the names of the alleged law violators are deleted, the nature of their employment, and the details of the allegations of their criminal conduct are not redacted. As a result I agree with Judge Adelman that the proposed redactions are narrowly tailored to protect the privacy and reputational interests of those alleged to be involved in the unlawful scheme and yet permit public access to the information.

Similarly, although the identities of the witnesses who provided information to the FBI are deleted from the affidavit, the detailed information which they provided to the agents about the criminal scheme is not redacted in any significant way. Again, I agree with Judge Adelman's analysis that the redaction of their identities is necessary to protect their safety and confidentiality. The witnesses provided information on a confidential basis to the FBI about a significant criminal

matter. The Assistant United States Attorney argues that release of the witnesses' names could impact their safety and could have a detrimental effect on their current or future employment. It is more than mere conjecture that the safety and well being of the witnesses may be compromised, because at least one witness has been the victim of an assault, which the Assistant United States Attorney believes is related to the witnesses' cooperation in this case. Therefore, the redaction of the names of the witnesses, but not the information that they provided, is necessary to narrowly tailor the redactions to protect the interests of the individuals named.

Based on my *de novo* review of the entire record, I conclude the United States has demonstrated that continuing the sealing of the redacted portions of the search warrant documents is necessitated by a compelling United States interest - to protect the safety and identity of cooperating individuals and witnesses, and the need to protect the identity and reputation of any co-conspirators who will not be criminally charged. Smith, 776 F.2d at 114-15; see also United States v. Bracy, 67 F.3d 1421, 1426-27 (9th Cir. 1995) (finding that the need to protect the safety of potential witnesses justified sealing of indictment); United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989) (finding the need to consider the privacy interests of innocent third parties that may be harmed by disclosure).

Therefore, I find that the United States's request to continue the sealing Orders to protect the identity and safety of numerous witnesses, and the privacy

interests of those individuals identified and discussed in the Affidavits should be granted.  I find that the United States's proposed redactions are not substantial, however, I find that unsealing these documents without the redactions could cause prejudice, reputational harm, safety concerns, and the privacy concerns to the cooperating witnesses, victims, and targets named in the search warrant documents. It is my finding that the redactions are narrowly tailored to protect the privacy and reputational interest of the individuals named and that the United States has shown a compelling interest in continued sealing of the search warrant documents as redacted which outweighs the public's qualified First Amendment right of access to review the documents.  Finally, I find there is no less restrictive alternative to the continued sealing that is appropriate or practical inasmuch as unsealing the search warrant documents without redaction would not protect the identities and safety of cooperating witnesses, and would not protect the privacy interests of individuals identified in the search warrant documents as being under investigation but not charged.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendations of the United States Magistrate Judge [#146 in case number 4:09CR423RWS], [#37 in 4:08MJ1195], [#35 in 4:08MJ1196TIA], [#33 in 4:08MJ1197TIA] and [#31 in

4:08MJ1204TIA] are **SUSTAINED, ADOPTED, and INCORPORATED** herein in part as set forth in this order.

**IT IS FURTHER ORDERED** that the United States Motion to Unseal Redacted Versions of Search Warrant Documents filed October 13, 2010 [#36 in case number 4:08 MJ 1195 TIA], [#34 in 4:08MJ1196TIA], [#32 in 4:08MJ1197TIA] and [#30 in 4:08MJ1204TIA] are **GRANTED** as to the redacted search warrant documents which are attached hereto;

**IT IS FURTHER ORDERED** that the United States's Motion for Continued Sealing of Search Warrant Documents filed June 29, 2010 [#30 in case number 4:08 MJ 1195 TIA], [#28 in case number 4:08MJ1196TIA], [#26 in case number 4:08MJ1197TIA], [#24 in case number 4:08MJ1204] and the Supplemental Motion for Continued Sealing of Search Warrant Documents filed October 7, 2010 [#34 in case number 4:08 MJ 1195 TIA], [#32 in case number 4:08MJ1196TIA], [#30 in 4:08MJ1197TIA], and [#28 in 4:08MJ1204TIA] is **GRANTED** as to the unredacted version of the search warrant documents.

**IT IS FURTHER ORDERED** that the Motion of the St. Louis Post-Dispatch and Reporter Robert Patrick Seeking Leave to Intervene to Obtain Access to Sealed Court Records filed May 5, 2010 [#117 in case number 4:09CR423RWS], [#14 in case number 4:08MJ1195TIA], [#12 in case number 4:08MJ1196TIA], [#10 in

case number 4:08MJ1197TIA]; and [#12 in case number 4:08MJ1204TIA] filed May 25, 2010 are **GRANTED** in part by the granting of the United States Motion to Unseal Redacted Versions of Search Warrant Documents filed on October 13, 2010. Ruling in the balance of the motion is reserved pending Judge Adelman's Report and Recommendation on the United States Motion filed November 4, 2010.

**IT IS FURTHER ORDERED** that the Amended and Supplemental Motion Seeking Access to Sealed Court Records filed September 23, 2010 [#138 in case number 4:09CR423RWS], [#32 filed in case number 4:08 MJ 1195 TIA], [#30 filed in case number 4:08 MJ 1196 TIA], [#28 filed in case number 4:08 MJ 1197 TIA] and [#26 filed in case number 4:08 MJ 1204 TIA] are **GRANTED** in part and **DENIED** in part by the granting of the United States Motion to Unseal Redacted Versions of Search Warrant Documents filed on October 13, 2010.

```
_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
```

Dated this 1st day of December, 2010.